This document was signed electronically on September 21, 2023, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: September 21, 2023



**ALAN M. KOSCHIK**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | Case No. 22-51432 |
| PHYLLIX MANTILLA MEANS STOVALL and RAY CAMERON STOVALL, | ) ) ) | Chapter 7 |
| | ) | Judge Alan M. Koschik |
| Debtors. | ) | |

## MEMORANDUM OF DECISION ON MOTION TO AVOID LIENS

On January 23, 2023, debtors Phyllix Mantilla Means Stovall and Ray Cameron Stovall (the "Debtors") filed their Motion to Avoid Judicial Liens on Real Estate (Docket No. 20) (the "Motion") in this chapter 7 case. The Motion seeks to avoid the judicial lien of creditor Jean Utz (the "Creditor") on their residence at 2082 Deer Crossing Drive, Streetsboro, Ohio 44241. For the reasons set forth in this Memorandum Decision, the Court will grant the Motion.

# FACTUAL AND PROCEDURAL BACKGROUND

The Debtors filed their voluntary petition under chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, on December 5, 2022. They scheduled an interest in their residence on their Schedule A/B, and valued it at $241,000. They also claimed a homestead exemption of the same dollar value on their Schedule C (describing it as "Deer Meadows II Lot 53"), along with a $100 homestead exemption on a second parcel described as "Deer Meadow II Lot 46." The two parcels shall be collectively referred to herein as the "Property." No party has filed an objection to the Debtors' claim of exemption or challenged the scheduled value of the Property. On their Schedule D, they scheduled two secured claims of $24,260 and $100,000, respectively, owed to the Creditor, each secured by a judgment lien on the Property. The Creditor later filed Proof of Claim No. 1 in this case asserting a secured claim in the amount of $124,260, consistent with the schedules. No party has objected to the Creditor's claim.

The Debtors filed their Motion on January 23, 2023.

The Creditor filed a response on January 30, 2023 (Docket No. 31) (the "Response"). In her Response, the Creditor argues that because the underlying claim is nondischargeable, as the Creditor is currently arguing in a related adversary proceeding, Bankr. N.D. Ohio Adv. Proc. No. 23-5003 (the "Adversary Proceeding"), the lien cannot be avoided.

The Court held a hearing on the Motion on March 8, 2023 (the "Hearing"), concurrently with a pretrial in the Adversary Proceeding. At the Hearing, the Court determined that the Motion and the Adversary Proceeding did not need to be consolidated, and that the Court would resolve the Motion first and would adjourn the Adversary Proceeding pending the resolution of the Motion.

## LEGAL ANALYSIS

Section 522(f) of the Bankruptcy Code provides, in relevant part, that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled … if such lien is … a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5)." 11 U.S.C. § 522(f)(1)(A). The exception for avoidance of judicial liens securing debts "of a kind that is specified in section 523(a)(5)" refers to liens securing debts for domestic support obligations. *See* 11 U.S.C. § 523(a)(5). The debt at issue in this case is not a domestic support obligation.

The fact that the statute expressly makes liens securing one specific category of debts, domestic support obligations, immune to avoidance pursuant to 11 U.S.C. § 522(f)(1) strongly suggests that liens securing other categories of debts, including other nondischargeable debts like domestic support obligations, are not so immunized. The Supreme Court frequently relies, with some caveats, on the interpretive canon *expressio unius est exclusion alterius*, "expressing one item of an associated group excludes another left unmentioned." *NLRB v. SW General, Inc.*, 580 U.S. 288, 302, 137 S.Ct. 929, 197 L.Ed.2d 263 (2017) (quotations omitted). While the Court has also cautioned that this canon "applies only when circumstances support a sensible inference that the term left out must have been meant to be excluded," *id.* (quoting *Chevron U.S.A. Inc. v. Echazabal*, 536 U.S. 73, 80, 122 S.Ct. 2045, 153 L.Ed.2d 82 (2002)), the circumstances here clearly support such an inference. If Congress had meant to exclude other categories of debts from lien avoidance pursuant to section 522(f), it would have done so, just as it excluded other categories of debts from the prohibition against recovering from a debtor's exempt property in the first place. *See* 11 U.S.C. § 522(c) (excluding nondischargeable tax and domestic support

3

claims, and certain other claims inapplicable here, from the prohibition against attachment and collection with respect to a debtor's exempt assets, but not excluding other nondischargeable claims, including the type the Creditor is pursuing in the Adversary Proceeding).

As another bankruptcy court in this district has held, "matters of discharge and lien avoidance are not dependent on the other …. As result, the Debtors would be entitled to avoid [the creditor's] lien, regardless of the character of the underlying debt." *In re Railing*, 2011 WL 3321169 (Bankr. N.D. Ohio Aug. 2, 2011) (Speer, J.) (granting motion to avoid judicial liens pursuant to section 522(f) over objection of creditor who claimed, *inter alia*, that she was defrauded by the debtor); *accord In re Hunnicutt*, 457 B.R. 463, 464-65 (Bankr. D.S.C. 2011) (collecting cases). This Court thus concludes, as *Hunnicutt* did, that "[b]ased on the overwhelming authority that a lien may be avoided despite the nondischargeability of the underlying debt, the Court finds that the alleged nondischargeability of [the debtor's] debt is immaterial to a determination of his lien's avoidability." *Id.* at 465.

The cases cited by the Creditor are either irrelevant to the Creditor's theory or actively cut against it.

The Creditor cites *In re Wrenn*, 40 F.3d 1162 (11th Cir. 1994), in which the Eleventh Circuit held that the debtor could avoid a judgment lien on his property in a chapter 7 case only to the extent that it impaired the homestead exemption, reversing the district court that had held that the discharge of the underlying judgment debt necessitated voiding the lien in its entirety. The bankruptcy court had held that the limit of the avoidance was the limit of the exemption, and the Eleventh Circuit reinstated that ruling. However, as of 1994 when *Wrenn* was decided, Alabama had a very small homestead exemption--only $5,000. Therefore, nonexempt equity

4

remained against which the lien could and did attach.  In this case, the Debtors' two homestead exemptions cover the entire Property; there is no nonexempt equity for the Creditor to attach.

The Creditor also cites *In re Evans*, 2005 WL 3845700 (Bankr. N.D. Fla. Mar. 9, 2006). The fundamental difference between that case and this one is that *Evans* involved a mortgage, a consensual lien, which the debtor in that case could not avoid pursuant to 11 U.S.C. § 522(f), which affects only "a judicial lien," or, in an alternative provision, certain nonpossessory, nonpurchase-money security interests.

A small number of other cases, not cited by the Creditor, have denied motions to avoid judicial liens pursuant to section 522(f) when the underlying debt was nondischargeable.  *See, e.g., In re Scassa*, 2009 WL 1586566 (Bankr N.D. Ohio Jan. 16, 2009) (Kendig, J.); *In re DeCosmo*, 163 B.R. 227 (Bankr. W.D.N.Y. 1994); *Castle v. Parrish (In re Parrish)*, 29 B.R. 869 (Bankr. S.D. Ohio 1983).  However, *Parrish* and *DeCosmo* were both decided before the passage of the Bankruptcy Reform Act of 1994, Pub. L. 103-394, 108 Stat. 4106, which added the domestic support obligation exclusion to section 522(f)(1) (albeit with predecessor language that did not expressly cite 11 U.S.C. § 523(a)(5)), thereby clarifying that judicial liens securing debts of that nature were to be excluded from avoidance and giving rise to the reasonable inference that other judicial liens were not.  All three relied on equitable principles based on facts specific to those cases that the Court finds both inapplicable to the facts of this case and, more important, unable to overcome the statutory language of section 522(f)(1) establishing that the only category of judicial liens that cannot be avoided due to the nondischargeability of the underlying debt are those that "secure[] a debt of a kind that is specified in section 523(a)(5)."

## CONCLUSION

The Court will enter a separate order consistent with this Memorandum Decision, granting the Motion. The Court's order will not be deemed entered until the separate order has been docketed by the Clerk.

The Clerk will also schedule a further hearing in the Adversary Proceeding.

# # #